IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **GLEN GRIMSLEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-09-CV-396-KC** |
| | § | |
| **PHILLIP W. NORRIS and PERRY** | § | |
| **REDING,** | § | |
| | § | |
| **Defendants**. | § | |

## <u>ORDER</u>

On this day, the Court considered Plaintiff's Motion for Summary Judgment, ECF No. 38

("Plaintiff's Motion"), and Defendant Phillip W. Norris's Motion for Summary Judgment, ECF No. 40

("Defendant's Motion").  For the reasons set forth herein, both Plaintiff's Motion and Defendant's

Motion are **DENIED**.

## I.      BACKGROUND

Unless otherwise noted, all facts are undisputed.  Pan American Hospital, also known as

Southwestern General Hospital ("Pan Am"), was a limited liability company validly formed and operated

under the laws of Texas.  Pl.'s Mot. 2; Def.'s Resp. to Pl.'s Mot. for Summ. J. ("Defendant's Response")

App. A, at 2, ECF No. 39.  From 2001 to 2007, Pan Am operated a hospital in El Paso, Texas.  Pl.'s Mot.

2; Def.'s Resp. App. A, at 2.  Due to a failure to remit required payroll taxes to the Internal Revenue

Service ("IRS"), Pan Am owed the IRS $1,824,457.54.  Pl.'s Mot. 2; Def.'s Resp. App. A, at 2.  Plaintiff

claims this debt accumulated as a result of Pan Am's failure to remit payroll taxes for each of the

calendar quarters ending December 31, 2001, to March 30, 2003.  Pl.'s Mot. 2.  Defendant, on the other

hand, claims that Pan Am properly remitted payroll taxes for the quarter ending December 31, 2002.

Def.'s Mot. 3.

The IRS conducted an investigation of Pan Am, inquiring into the recovery of payroll taxes Pan Am failed to remit for the quarters ending June 30, 2002, September 30, 2002, March 31, 2003, and June 30, 2003, pursuant to 26 U.S.C. § 6672(a), a statute allowing the IRS to collect from certain responsible individuals taxes Pan Am failed to remit to the IRS.  Pl.'s Mot. 2; Def.'s Resp. App. A, at 2.  As a result of that investigation, the IRS proposed a penalty against six individuals, including Plaintiff, but excluding Defendant.  Pl.'s Mot. 2; Def.'s Resp. App. A, at 2.  Of those six individuals, two were believed to be insolvent, while two others paid approximately $100,000 each.  Pl.'s Mot. 3; Def.'s Resp. App. A, at 2.  Plaintiff paid the remaining balance of $405,535.13.  Pl.'s Mot. 3; Def.'s Resp. App. A, at 2.

Defendant served as the interim chief financial officer of Pan Am from September 16, 2002, to December 27, 2002.  Def.'s Mot. 2; Pl.'s Resp. to Def.'s Mot. for Summ. J. ("Plaintiff's Response") App. A, at 2, ECF No. 42.  Though he was not a member of the Board of Directors and had no voting authority, while serving as the interim chief financial officer, Defendant attended Board meetings.  Def.'s Mot. 2; Pl.'s Resp. App. A, at 2.  Further, Defendant did not own a substantial amount of stock in Pan Am.  Def.'s Mot. 3; Pl.'s Resp. App. A, at 2.  Plaintiff claims that Defendant was heavily involved in management of the day-to-day financial affairs of Pan Am, Pl.'s Mot. 3, while Defendant alleges that Chief Executive Officer David Buchmueller ("Buchmueller") managed the day-to-day operations of Pan Am, not Defendant.  Def.'s Mot. 3.  Defendant did not have the authority to hire and fire employees; rather, Buchmueller retained that authority.  Def.'s Mot. 3; Pl.'s Resp. App. A, at 3.

Defendant was present during the meeting of the Governing Board in which Pan Am decided which creditors to pay ahead of the IRS.  Pl.'s Mot. 4; Def.'s Resp. App. A, at 2.  During that meeting, Defendant reported on the financial affairs and cash flow of Pan Am.  Pl.'s Mot. 4; Def.'s Resp. App. A, at 2.  At that meeting, Defendant was expressly tasked to meet with accounts payable personnel during the time frame at issue in this case to develop a payment list for past due creditors.  Pl.'s Mot. 4; Def.'s Resp. App. A, at 2.  Plaintiff claims Defendant was actively involved in making decisions with regard to

disbursement of funds and payment of creditors.  Pl.'s Mot. 4.  However, Defendant counters that such authority was reserved for and exercised by Buchmueller, not Defendant.  Def.'s Mot. 3.  Thus, Plaintiff claims Defendant was authorized to pay back taxes on behalf of Pan Am, Pl.'s Mot. 4, while Defendant claims he lacked that authority.  Def.'s Mot. 4.  During the September 26, 2002, meeting of the Governing Board, the board informed Defendant that they had engaged Bruce Rossiter to negotiate a settlement and payment schedule with the IRS on behalf of the Board.  Def.'s Mot. 3; Pl.'s Resp. App. A, at 3.  Both parties agree that Defendant did not have the authority to sign company checks; rather, that authority rested with Buchmueller.  Def.'s Mot. 4; Pl.'s Resp. App. A, at 3.

Plaintiff filed suit against Defendant pursuant to 26 U.S.C. § 6672(d), which provides a right of contribution where more than one person is liable for failure to remit payroll taxes as a responsible person under § 6672(a).  Plaintiff filed Plaintiff's Motion, Defendant responded, and Plaintiff replied. Defendant filed Defendant's Motion, Plaintiff responded, and Defendant replied.

## II.   DISCUSSION

### A.   Standard

Summary judgment is required "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).  "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law."  *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quoting *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (per curiam)).  A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996).

"[The] party seeking summary judgment always bears the initial responsibility of informing the

district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996). To show the existence of a genuine dispute, the nonmoving party must support its position with citations to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials[,]" or show "that the materials cited by the movant do not establish the absence . . . of a genuine dispute, or that [the moving party] cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). The court resolves factual controversies in favor of the nonmoving party; however, factual controversies require more than "conclusory allegations," "unsubstantiated assertions," or  "a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Further, when reviewing the evidence, the court must draw all reasonable inferences in favor of the nonmoving party, and may not make credibility determinations or weigh evidence. *Man Roland, Inc. v. Kreitz Motor Express, Inc.*, 438 F.3d 476, 478-79 (5th Cir. 2006) (citing *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000)). Thus, the ultimate inquiry in a summary judgment motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

"Cross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed." *Bricklayers, Masons & Plasterers Int'l Union of Am., Local Union No. 15, Orlando, Fla. v. Stuart Plastering Co., Inc.*, 512 F.2d 1017, 1023 (5th Cir. 1975).

### B.    Liability under § 6672(a)

The Internal Revenue Code requires employers to withhold from employees' wages federal income taxes and social security contributions. 26 U.S.C. §§ 3102, 3402. The employer holds these

funds "in trust" for the United States. *Id.* § 7501(a). "When a corporate employer fails to pay over the trust funds, § 6672(a)[1] of the Code imposes a penalty equal to the entire amount of the unpaid taxes on 'any person' required to collect, account for, or pay over the withheld taxes, who 'willfully' fails to do so." *Barnett v. Internal Revenue Serv.*, 988 F.2d 1449, 1453 (5th Cir. 1993). "Liability for the penalty is established if a person is a 'responsible person' who 'willfully' failed to pay over the withheld taxes." *Id.* (citing *Turnbull v. United States*, 929 F.2d 173, 178 (5th Cir. 1991)).

Plaintiff brings this action pursuant to § 6672(d), seeking contribution from Defendant for a portion of the amount Plaintiff paid to the IRS. Pl.'s Mot. 2. According to that subsection, Plaintiff may recover if Defendant is liable under § 6672(a). 26 U.S.C. § 6672(d). Thus, the Court looks to whether Defendant "is a responsible person who willfully failed to pay over the withheld taxes." *See Barnett*, 988 F.2d at 1453 (citing *Turnbull*, 929 F.2d at 178).

The Fifth Circuit has considered the issue of what constitutes a responsible person under the statute and has held that it is generally a question for the fact-finder. *Id.* at 1454. However, "certain facts will almost invariably prove dispositive of a finding of responsibility." *Id.* The Fifth Circuit generally takes a "broad view of who qualifies as a responsible person." *Raba v. United States*, 977 F.2d 941, 943 (5th Cir. 1992) (quoting *Wood v. United States*, 808 F.2d 411, 415 (5th Cir. 1987)). Determining whether an individual is a responsible person is a question of "status, duty and authority." *Id.* (quoting *Howard v. United States*, 711 F.2d 729, 734 (5th Cir. 1983)); *see also Mazo v. United States*, 591 F.2d

---

[1] Section 6672(a) reads:
Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 or part II of subchapter A of chapter 68 for any offense to which this section is applicable.
26 U.S.C. § 6672(a).

1151, 1156 (5th Cir. 1979).  The central inquiry is whether a person had the "effective power to pay taxes."  *Raba*, 977 F.2d at 943 (quoting *Gustin v. United States*, 846 F.2d 485, 491 (5th Cir. 1989)).  As such, the Court properly looks "behind a person's official title or job description to determine whether he had the actual duty or ability to pay over the taxes owed."  *Id.*  Moreover, § 6672 expressly applies to "any" responsible person, not just the person most responsible for the payment of taxes.  *Barnett*, 988 F.2d at 1455; *Howard*, 711 F.2d at 737.

In determining an individual's status as a responsible person under § 6672(a), courts consider whether the individual: (1) is an officer or member of the board of directors; (2) owns a substantial amount of stock in the company; (3) manages the day-to-day operations of the business; (4) has the authority to hire or fire employees; (5) makes decisions as to the disbursement of funds and payment of creditors; and (6) possesses the authority to sign company checks.  *Barnett*, 988 F.2d at 1455.  No single factor is dispositive.  *Id.*

Applying those factors to Defendant, there remains a question of fact as to whether Defendant is a responsible person.  It is undisputed that while Defendant served as an interim officer, he was not a member of the board of directors.  Def.'s Mot. 2.  Further, it is also undisputed that Defendant did not own a substantial amount of stock in Pan Am, he lacked the authority to hire or fire employees, and lacked the authority to sign company checks.  *Id.* at 3-4.  These facts tend to show that Defendant was not a responsible person under § 6672(a).  However, there remains a dispute as to whether Defendant managed the day-to-day operations of the business and whether Defendant made decisions as to the disbursement of funds and payment of creditors.  Plaintiff contends Defendant was heavily involved in the day-to-day financial affairs of Pan Am, Pl.'s Mot. App. A Ex. 1 ¶ 5, while Defendant asserts that he had no such authority.  Def's Mot. App. A Ex. 1 ¶ 11.  Plaintiff contends Defendant was actively involved in making decisions with regard to disbursement of funds and payment of creditors, Pl.'s Mot. App. A Ex. 11, at 7, while Defendant alleges he had no such decision-making authority regarding

disbursement of funds because Chief Executive Officer Buchmueller retained that authority.  Def.'s Mot. App. A Ex. 1 ¶ 13.

While some factors weigh against a finding that Defendant was a responsible person, there remains dispute as to whether Defendant managed the day-to-day operations of Pan Am and whether he possessed the authority to disburse funds to creditors.  Though no single factor is dispositive, *Barnett*, 988 F.2d at 1455, these are the two most important factors that bear on the central inquiry in determining responsible person status, which is the individual's authority and duty to pay back the taxes.  *See Raba*, 977 F.2d at 943.  As such, the Court finds that there remains a genuine issue of material fact as to whether Defendant possessed the necessary authority to be deemed a responsible person under § 6672(a); therefore, summary judgment is inappropriate.  Because there exists this issue of fact, the Court need not reach the issue of willfulness and the applicability of the Supreme Court's holding in *Slodov v. United States*, 436 U.S. 238 (1978), to the facts of this case.

III.    **CONCLUSION**

The Court finds there is a genuine issue of material fact as to whether Defendant is a responsible person.  For the foregoing reasons, both Plaintiff's Motion, ECF No. 38, and Defendant's Motion, ECF No. 40, are **DENIED**.

**SO ORDERED**.

**SIGNED** on this 10th day of December, 2010.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE